UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CIVIL CASE NO: 10-28-KKC-JGW

**LENNIE G. HOUSE,**　　　　　　　　　　　　　　　　　　　　　　　**PETITIONER,**

**V.**

**COMMONWEALTH OF KENTUCKY,**　　　　　　　　　　　　　　**RESPONDENT.**

**REPORT & RECOMMENDATION**

On January 28, 2010, petitioner Lennie House, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent filed a response on March 15, 2010, to which petitioner has filed a reply. On April 2, 2010, this case was reassigned to the undersigned magistrate judge for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b). Having now completed my review, I recommend that the petition be denied because the lone constitutional issue presented by petitioner has been procedurally defaulted.

**I. Background**

The relevant factual and procedural background of this case was related by the Kentucky Supreme Court in affirming petitioner's conviction:

> House was arrested and charged with DUI in March 2006, when a Lexington police officer observed him driving erratically on Tates Creek Road. The officer reported that when he stopped House he could smell alcohol on House's person; observed an open beer can in the front seat of House's vehicle; had House perform field sobriety tests, all of which House failed; and administered a preliminary breath test, which registered an alcohol concentration of 0.160. Thereupon, the officer arrested House and transported him to the Fayette County Detention

1

Center, where he administered a breath alcohol test with the Intoxilyzer 5000 EN. That device calculated House's blood alcohol level to be 0.201, a level violative of KRS 189A.010(a), which, in pertinent part, makes it unlawful for a person to operate a motor vehicle if the person "[h]a[s] an alcohol concentration of 0.08 or more as measured by a scientifically reliable test or tests of a sample of the person's breath...."

On the basis of the officer's report and the Intoxilyzer result, House was charged in Fayette District Court with first offense DUI. Prior to trial, House served the Commonwealth with a discovery motion that included a demand for the Intoxilyzer's "source code," the computer commands that control the Intoxilyzer as it isolates the subject's breath sample, tests the sample for the presence and the amount of alcohol, and then uses the test results to calculate the subject's blood alcohol level. When the Commonwealth denied this request because it did not have possession or control of the manufacturer's computer code, House, pursuant to RCr 7.02(3), served CMI with a subpoena *duces tecum* demanding that it produce the "source code" at an August 8, 2006 pre-trial hearing. At the hearing, House introduced an expert who testified that if given access to the code he could examine it for "bugs," *i.e.,* errors in the code's logic which could cause the machine to produce inaccurate results. The expert admitted on cross-examination, however, that he knew of no reason to suspect that the code was in any way flawed. At the conclusion of the expert's testimony, CMI and the Commonwealth both moved that the subpoena be quashed on the grounds, among others, that by demanding the production of CMI's trade secrets, the subpoena was unreasonable and oppressive and that House had failed to establish that the source code was relevant to his case. House argued that he was entitled to the code not only under RCr 7.02(3) but also under the Sixth Amendment to the United States Constitution. The district court agreed with CMI and the Commonwealth that House had failed to establish relevancy and so granted the motions to quash.

In the wake of the district court's ruling, House pled guilty to DUI, first offense, but reserved his right to appeal the order quashing his CMI subpoena. He duly appealed to the Fayette Circuit Court, which affirmed, agreeing with the district court that House's failure to identify some reason to suspect a material error in the source code defeated his demand to inspect it.

House then sought discretionary review in the Court of Appeals, which, in a divided opinion, reversed. The Court of Appeals' majority ruled that House was entitled to search CMI's Intoxilyzer source code for errors because under RCr 7.02(3) a subpoena *duces tecum* may be quashed only if "unreasonable or oppressive" and in its view House's subpoena was neither.

*Commonwealth v. House*, 295 S.W.3d 825, 826 -827 (Ky., 2009).

The Commonwealth filed a petition for discretionary review, presenting three issues of state law: 1) that House had failed to make a sufficient showing of unreliability so as to entitle him to challenge the Intoxilyzer; 2) that House's request for the source code did not fall within the limited scope of discovery under state rules of criminal procedure; and 3) that the Commonwealth should not be made to provide House with source code because the code was not within the Commonwealth's possession, custody, or control. The Kentucky Supreme Court granted discretionary review and reinstated the trial court's order quashing the subpoena as well as House's conviction. *Id.* "Having considered the Commonwealth's challenge to the Court of Appeals' reading of RCr 7.02(3), we agree with the Commonwealth that House's subpoena was indeed unreasonable and should be quashed." *Id.* On November 25, 2009, the Kentucky Supreme Court denied a petition for rehearing.

In his timely-filed petition before this court, House argues that the decision of the Kentucky court violates his Sixth Amendment right of confrontation.[1] Petitioner additionally argues that, by violating his right of confrontation, the Kentucky court has violated his due process rights under the Fourteenth Amendment.

**II. Petitioner's Claims Are Procedurally Barred From Federal Review**

The decision of the Kentucky Supreme Court was based entirely upon that court's interpretation of the scope of its own state rules of criminal procedure. The Supreme Court specifically held that Kentucky RCr 7.02(3) does not permit a "fishing expedition," and that a subpoena under the rule is unreasonable and may be quashed if "as in this case, the party

---

[1]This court assumes based upon the parties' representations that House meets the "in custody" requirement of 28 U.S.C. §2254. The trial court initially stayed House's four-day jail sentence, but he was scheduled to reappear in that court on May 28, 2010.

3

demanding production can point to nothing more than hope or conjecture that the subpoenaed material will provide admissible evidence." *Id*., 295 S.W.3d at 828-829.

The Kentucky Supreme Court expressly declined to address House's alternative constitutional argument - the same argument that House now seeks to present to this federal court:

> House also contends that even if RCr 7.02(3) does not entitle him to inspect CMI's Intoxilyzer code, the Confrontation Clause of the Sixth Amendment to the United States Constitution does. This issue is not properly before us, however, because the Court of Appeals did not reach it and House has failed to raise it in this Court by a cross-motion for discretionary review. As we recently reiterated in *Louisville and Jefferson County Metropolitan Sewer District v. Bischoff,* 248 S.W.3d 533 (Ky.2007), CR 76.21(1) requires such a cross-motion by the party prevailing in the Court of Appeals if he wishes review of issues raised in but not addressed by the Court of Appeals or issues the Court of Appeals decided adversely to him. "If the party prevailing in the Court of Appeals wishes further consideration of such issues along with the issues for which discretionary review has been granted, the prevailing party *must* file a cross motion for discretionary review." *Perry v. Williamson,* 824 S.W.2d 869, 871 (Ky.1992). Because House failed to abide by this rule, we must decline to address his constitutional claim.

*Id.*, 295 S.W.3d at 829.

The Commonwealth argues that the state court's decision not to review the claim based upon its application of CR 76.21(1) forecloses review in this federal habeas proceeding under the doctrine of procedural default. In this case, Kentucky has a clear procedural rule applicable to petitioner's claim and the petitioner failed to comply with that rule. The Kentucky Supreme Court expressly refused to consider House's constitutional claim because of that procedural default. *See generally Coleman v. Thompson,* 501 U.S. 722, 729-32, 111 S.Ct. 2546 (1991)(federal habeas courts will not review federal issues rejected "on a state law ground that is independent of the federal question and adequate to support the judgment."); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

House does not challenge the proposition that the state procedural rule is an "adequate and independent" state ground on which Kentucky could legitimately rely to foreclose review of his constitutional claim. *Id.* Clearly, the Kentucky Supreme Court has a legitimate state interest in requiring litigants to include all issues in a petition for discretionary review, so that the relevant issues will be fully and fairly presented. Nevertheless, petitioner argues that he should not be deemed to have procedurally defaulted his claims, because he presented his Sixth Amendment Confrontation Clause argument to both the trial court and to the Kentucky Court of Appeals.

Petitioner's argument ignores the basis of the Kentucky Supreme Court's holding - that petitioner was required to present the issue in a cross-motion for discretionary review to the state's highest court. Ky CR 76.21(1), the rule relied upon by the Kentucky Supreme Court, is clear and unequivocal:

> If a motion for discretionary review is granted, the respondent shall then be permitted ten days thereafter in which to file a cross motion for discretionary review designating issues raised in the original appeal which are not included in the motion for discretionary review but which should be considered in reviewing the appeal in order to properly dispose of the case.

Kentucky Rules of Civil Procedure (CR) Rule 76.21. House's claims were not preserved by his presentation of the same claims in the lower courts. The Kentucky Supreme Court granted the Commonwealth's petition for discretionary review specifically to address the issues of *state* law presented by the Commonwealth's petition. Once discretionary review was granted, House was required to file a cross-motion to the extent that he wished to present his Sixth Amendment claim.

In the alternative, petitioner argues that the state procedural rule should not be applied to

5

him because the Commonwealth's brief before the Kentucky Supreme Court itself cited two state court decisions, from Florida and Nevada, that discussed the Confrontation Clause. Again, however, petitioner misses a significant point. The Commonwealth's brief cited both cases (which were not cited by the Kentucky Supreme Court) only in two string citations. The string citations supported two general arguments, neither of which presented a constitutional issue: 1) that many other courts have denied DUI defendants access to source code; and 2) that courts have denied access to discovery that is not in the possession of the prosecutor. The Commonwealth's brief contains no discussion whatsoever of the Confrontation Clause of the Sixth Amendment, but instead limits argument to the state law issues presented in its petition.

In some sense, petitioner's argument could be interpreted as contending that the Kentucky Supreme Court misapplied its own state procedural rule to this case. It remains unclear whether a federal court may revisit a state court's interpretation of its own procedural rule. In *Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001), the Sixth Circuit noted that an Ohio court "*may have* mistakenly relied upon procedural default" and suggested in dictum that it might be appropriate to re-examine a state court's application of its own procedural rule in some cases:

> Generally, a federal habeas court..should not second guess a state court's decision concerning matters of state law. ....Nevertheless, when the record reveals that the state court's reliance upon its own rule of procedural default is misplaced, we are reluctant to conclude categorically that federal habeas review of the purportedly defaulted claim is precluded.

*Greer*, 264 F.3d at 675 (italics added). Although the language in *Greer* was without question dictum, other courts seem to have adopted its premise without significant discussion, at least with regard to Ohio's somewhat inconsistent application of its res judicata rule to ineffective

6

assistance of counsel claims.² *See Richey v. Bradshaw*, 498 F.3d 344 (6th Cir. 2007); *Hartman v. Bagley*, 492 F.3d 347 (6th Cir. 2007); *White v. Mitchell*, 431 F.3d 517, 526-27 (6th Cir. 2005); *Hill v. Mitchell*, 400 F.3d 308, 314 (6th Cir. 2005); *Linscott v. Rose*, 436 F.3d 587, 592 (6th Cir. 2006). On the other hand, at least one Sixth Circuit case has held that a claimed error in a state's application of a consistently enforced procedural rule is not subject to review by a federal court. *See Simpson v. Jones*, 238 F.3d 399, 406-407 (6th Cir. 2000); see also *Cvijetinovic v. Eberlin*, 2008 WL 918576 (N.D. Ohio March 31, 2008).

Regardless of whether petitioner's claim is construed as challenging Kentucky's application of its own state procedural rule, petitioner is entitled to no relief. The Kentucky Supreme Court's application of CR 76.21(1) to petitioner's claims is consistent with the express language of that rule and existing Kentucky case law. As noted by the Kentucky Supreme Court in this case, it has consistently applied CR 76.21 to foreclose review of issues not presented in a cross-motion for discretionary review. *See generally Commonwealth v. Wolford*, 4 S.W.3d 534 (Ky. 1999); *see also generally Silverburg v. Evitts*, 993 F.3d 124 (6th Cir. 1993)(holding that a petitioner's failure to present claims in a petition for discretionary review in the Kentucky Supreme Court prior to filing a federal petition for writ of habeas corpus results in procedural default).

A procedurally defaulted claim may not be reviewed absent cause for the default and a showing of actual prejudice. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). Petitioner makes no

---

²Arguably, the same result would obtain under the more established principle that a state procedural rule must be "firmly established and regularly followed." *Fautenberry v. Mitchell*, 515 F.3d 614, 640 (6th Cir. 2008)(quotation omitted). To meet this requirement, a state procedural bar must be applied evenhandedly to all similar claims. *Dugger v. Adams*, 489 U.S. 401, 420-21 (1989). The cited cases involve Ohio's uneven application of its rule to similar claims.

attempt to demonstrate "cause and prejudice" in this case. Rather, he argues that this court should excuse any default because of the importance of his Sixth Amendment right.

> "[E]ven when a petitioner fails to show cause and prejudice, a court must still consider whether special circumstances require that showing be waived.. Specifically, a court may notice an otherwise defaulted claim if it concludes that petitioner has shown by clear and convincing evidence that but for constitutional error no reasonable juror would have found him guilty of the crime...

*Greer v. Mitchell*, 264 F.3d 663, 673 (6th Cir. 2001). The Supreme Court has held that when a petitioner fails to show cause and prejudice for a procedural default, the claim may yet be reviewed if he can show that the failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 724. Ordinarily, this requires a "colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 1991)(quotation omitted). In this case, there is such basis for review. House does not present a claim of actual innocence; indeed, he entered a conditional plea of guilt.

In light of the clear procedural default, this court declines to reach the respondent's alternative argument that petitioner's claims should be denied because the Kentucky Supreme Court's decision was neither "contrary to clearly established federal law," nor "an unreasonable application of clearly established federal law."

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus [Doc. 1] be **denied** and that this case be dismissed from the active docket.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984),

*aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This 6th day of July, 2010.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge