UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL NO.: 5:10-CV-28-KKC

LENNIE G. HOUSE,     PETITIONER,

vs:     **OPINION & ORDER**

COMMONWEALTH OF KENTUCKY,     RESPONDENT.

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Rec. No. 1] filed by the Petitioner. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

The Magistrate Judge filed a report and recommendation [DE 7] in which he recommends that the petition be denied. Petitioner filed objections to the report and recommendation. [DE 8]. This Court must make a *de novo* determination of those portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

The Petitioner does not object to the factual background set forth by the Magistrate Judge. In brief, the Petitioner was charged with DUI after he was arrested and a device called an Intoxilyzer 5000 EN calculated his blood alcohol level to be above the legal limits. He argues that his Sixth Amendment rights were violated because the Kentucky Supreme Court ruled that he was not entitled to the Intoxilyzer's "source code" so that an expert could examine it for errors that could have caused it to produce inaccurate results. The Magistrate Judge concluded that the Petitioner's argument is procedurally barred because he failed to raise it on direct appeal in the Kentucky state courts and he

made no showing of "cause" or "prejudice."

The Petitioner makes two objections. First he argues that the Magistrate Judge's determination that he is procedurally barred from arguing that his Sixth Amendment rights were violated failed to consider whether his waiver of those rights was knowing and voluntary. [DE 8, Objections at 3]. The Petitioner argues that, because the waiver of a Sixth Amendment right must be knowing and voluntary, the Court must find that an individual's procedural default of an argument raising that right was also knowing and voluntary. The Petitioner cites no authority for this argument and the Court declines to adopt it.

Second, the Petitioner argues that the Magistrate Judge erred in concluding that the Petitioner was required to raise his Sixth Amendment arguments in a cross-motion for discretionary review before the Kentucky Supreme Court. The Petitioner argues he was not required to file such a cross motion raising his Sixth Amendment argument. [DE 8, Objections at 4]. As the Magistrate Judge explained, however, the Kentucky Supreme Court explicitly found that Kentucky Rule of Civil Procedure 76.21 required the Petitioner to raise his Sixth Amendment argument in a cross-motion for discretionary review. Because he failed to do so, the court declined to declined to address the argument.

The Magistrate Judge found that the Kentucky Supreme Court's application of Rule 76.21 in this case was consistent with the explicit language of the rule and existing case law. In his objections, Petitioner does not dispute that the Kentucky Supreme Court applied the Rule consistent with its language but argues that the court applied it in a way that is contrary to *Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920 (Ky. 2007) and *Petzold v. Kessler Homes, Inc.*, 303 S.W.3d 467 (Ky. 2010).

However, the Court has reviewed those cases and other case law interpreting Rule 76.21 and does not find that the Kentucky Supreme Court's ruling was inconsistent with that case law.

In ruling that the Petitioner was required to present his Sixth Amendment argument in a cross motion for discretionary review, the Kentucky Supreme Court noted that in *Louisville and Jefferson County Metropolitan Sewer District v. Bischoff*, 248 S.W.3d 533 (Ky. 2007) – a case decided after *Steel Technologies, Inc.* – the court had reiterated that a party who prevails in the Court of Appeals must file a cross-motion for discretionary review if he wants a review of issues raised before but not decided by the Court of Appeals or a review of issues decided adversely to him.

*Petzold*, the other case relied upon by the Petitioner, was decided after the Kentucky Supreme Court's decision in this case. Further, it held, based upon "the unusual facts" of that case, that "when the Court of Appeals has disposed of a case upon grounds, such as lack of subject matter jurisdiction or disqualification of a trial judge, that eliminated the need for it to decide the other issues, and that basis for the disposition would apply with equal effect to the undecided issues, the lack of a protective cross-petition for discretionary review of the undecided issues will not compel us to treat such issues as having been decided against the appellee." 303 S.W.3d at 479. Thus, its holding is inapplicable to the Petitioner's case.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's report and recommendation [DE 7] is ADOPTED as and for the opinion of the Court;

(2) Petitioner's objections to the Magistrate Judge's report and recommendation [Rec. No. 8] are OVERRULED;

(3) For the reasons stated in this Opinion and Order and the Magistrate Judge's Report

and Recommendation, Petitioner's petition for a writ of habeas corpus [DE 1] is DENIED; and

(4) Judgment will be entered contemporaneously with this opinion and order in favor of Respondent.

Dated this 3rd day of March, 2011.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**